IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TINA L. ROSE,  )<br> )<br>   **Plaintiff,**  )<br> )<br>vs.  )<br> )<br>**ROBERT STANLEY and LAUREN** )<br>**HAWKINS,** )<br> )<br>   **Defendants.** )  | Case No. 25-CV-850-SMY |

**MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

  Plaintiff Tina L. Rose filed a Complaint alleging retaliation and harassment in violation of §1983; trespass and invasion of privacy; violations of the Americans with Disability Act (Title II) and Rehabilitation Act; and, intentional infliction of emotional distress (Doc. 1). Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 2) is now pending before the Court.

  28 U.S.C. § 1915 authorizes a federal district court to allow an indigent plaintiff to proceed in a civil action without prepaying the filing fees and costs if the plaintiff submits an affidavit of poverty stating that he or she is unable to afford the fees. 28 U.S.C. § 1915(a)(1). Here, Rose has submitted the requisite affidavit demonstrating that the filing fee presents a significant hardship. Therefore, the Court finds her to be indigent within the meaning of § 1915(a)(1).

  Additionally, the statute requires the Court to scrutinize a Complaint filed by an indigent plaintiff and to dismiss it if (a) the allegation of poverty is untrue, (b) the action is frivolous or malicious, (c) the action fails to state a claim upon which relief can be granted, or (d) the action seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample

authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense"). Plaintiff's Complaint fails this additional level of review.

### *Retaliation and Harassment in violation of §1983*

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cipersr. 2015). Section 1983 does not apply to actions by a private individual or private entity. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). If a plaintiff brings a Section 1983 claim against an individual or entity that ordinarily does not act under color of state law, the plaintiff must allege that the individual or entity conspired with state actors to violate constitutional rights. *Tower v. Glover*, 467 U.S. 914, 920 (1984).

Defendants Robert Stanley and Lauren Hawkins are not persons acting under the color of state law, and Plaintiff does not allege that Stanley or Hawkins conspired with state actors to violate her constitutional rights. As such, Plaintiff has no relief available under § 1983.

### *Violations of Americans with Disability Act (Title II) and Rehabilitation Act*

To state a viable claim for the violation of Title II, a plaintiff plead facts suggesting that: (1) he or she is a "qualified individual with a disability"; (2) he or she was excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, or was otherwise discriminated against by any such entity; and (3) the discrimination was by reason of disability. *Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015).

Only public entities are liable for violations of Title II of the Americans with Disability Act. *See Pennsylvania Dept. of Corrections v. Yeskey*, 524 U.S. 206, 208 (1998). Similarly, the

Rehabilitation Act authorizes suit only against public entities and precludes claims against Defendants in their individual capacities. *See Brewer v. Wisconsin Bd. of Bar Examiners*, 270 F. App'x 418, 421 (7th Cir. 2008). Again, because neither Robert Stanley nor Lauren Hawkins are public entities, Plaintiff has no relief available under Title II of the Americans with Disability Act or the Rehabilitation Act.

### *Trespass, Invasion of Privacy, and Intentional Infliction of Emotional Distress*

The remaining claims asserted in the Complaint are state law claims for trespass, invasion of privacy, and intentional infliction of emotional distress. However, this Court does not have federal question jurisdiction over state law claims, and may only exercise supplemental jurisdiction over such claims if the plaintiff has asserted viable federal claims, which Plaintiff has failed to do. *See* 28 U.S.C. § 1331.

For the foregoing reasons, the Motion for Leave to Proceed *in forma pauperis* ("IFP") (Doc. 2) is **DENIED** and Plaintiff's Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**. All pending motions (Doc. 6) are **TERMINATED AS MOOT**. The Clerk of Court is **DIRECTED** to close this case.

**IT IS SO ORDERED.**

**DATED: May 27, 2025**

**STACI M. YANDLE**
**United States District Judge**